GREGORY POOLE EQUIPMENT CO., INC. v. J. HOWARD COBLE, SECRETARY OF REVENUE STATE OF NORTH CAROLINA

No. 7710SC862

(Filed 7 November 1978)

1. Taxation § 31.1— limitation of local sales tax—exemption from State sales tax

　　The limitation of local sales tax by G.S. 105-467(1) to sales "subject to" the State sales tax refers not to those transactions for which a State sales tax is actually assessed, but to any transaction described in G.S. 105-164.4(1) without regard to whether the transaction might be exempted or excluded from taxation by G.S. 105-164.13. Thus, an exemption from the State sales tax does not preclude the assessment of a local sales tax.

2. **Taxation § 31.1— sale of used equipment accepted as trade-in—exemption from State sales tax—subjection to local sales tax**

Where used equipment was accepted by a vendor as a trade-in on the sale of new equipment, and the 3% State sales tax was paid on the sale of the new equipment but the sale was exempt from the local sales tax under G.S. 105-467(1) because the equipment was delivered to the purchaser outside the taxing county, the vendor's subsequent retail sale of the used equipment to a purchaser in the taxing county was subject to the local sales tax even though it was exempt from the State sales tax under G.S. 105-164.13(16), since the sale of the used equipment was not exempt from the local sales tax unless the local sales tax had been paid on the sale of the new equipment.

Judge WEBB dissenting.

APPEAL by plaintiff from *Godwin, Judge.* Order entered 28 September 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 15 August 1978.

Plaintiff instituted this action by complaint filed 26 July 1976 seeking to recover a refund for an alleged overpayment of sales tax resulting from defendant's erroneous interpretation of the pertinent statute, G.S. § 105-467. The defendant in answer admitted the essential facts recited in the plaintiff's complaint but asserted that its assessment of sales tax to the plaintiff's sales was in accordance with the North Carolina General Statutes. On 11 July 1977 the parties stipulated to the following facts:

The plaintiff, a Delaware corporation qualified to transact business in North Carolina, is engaged in the business of selling industrial equipment and machinery. Prior to June, 1971, the plaintiff accepted certain used machinery in partial payment on the purchase price of new machinery sold to purchasers outside Wake, New Hanover, and Beaufort Counties. The plaintiff paid a 3% sales tax on the machinery sales as required by G.S. § 105-164.4(1), but did not pay the local sales tax in the three above counties since the equipment was sold and delivered to purchasers outside their borders. During the period beginning 1 June 1971 and ending 31 May 1974, the plaintiff sold the used equipment previously taken in trade to purchasers within Wake, New Hanover, and Beaufort Counties. The plaintiff failed to pay state or local sales tax on these sales.

On 14 November 1975 the defendant audited the plaintiff's books and determined that the above sales of used machinery were subject to local sales tax. The defendant then notified the

plaintiff of its assessments of additional local sales tax, penalties, and interest. Soon thereafter a hearing was conducted at which the defendant affirmed the assessment of tax and interest but eliminated the penalty charged. Pursuant to the defendant's determination, on 17 November 1975 the plaintiff paid to the defendant $65,433.53, and immediately filed for refund of tax in the amount of $10,859.24 plus interest.

On the basis of these facts each party filed a motion for summary judgment. On 28 September 1977 the trial court entered judgment in which it found facts as stipulated and concluded "[t]hat Plaintiff is not entitled to a refund of taxes and interest remitted to Defendant on the sales price of used equipment taken in trade." From the entry of summary judgment in favor of the defendant, the plaintiff appealed.

*Poyner, Geraghty, Hartsfield & Townsend, by Thomas L. Norris, Jr., and Curtis A. Twiddy, for the plaintiff appellant.*

*Attorney General Edmisten, by Special Deputy Attorney General Myron C. Banks and Associate Attorney Marilyn R. Rich, for the State.*

HEDRICK, Judge.

The sole question raised on this appeal appeared in the parties' Stipulation of Facts as follows:

Are retail sales of used tangible personal property subject to the local government sales tax when such property, having been accepted in trade by the vendor as a credit or part payment on the sales price of new property that was exempt from local sales tax under the provisions of G.S. 105-467 by virtue of delivery to a purchaser at a point outside the taxing county by the vendor or his agent or by a common carrier, is sold at retail and delivered to the purchaser within the taxing county in which the taxpayer has a place of business?

The trial court answered this question in the affirmative.

North Carolina General Statute § 105-164.4(1) imposes a retail sales tax of 3% of the sales price of any article of tangible personal property sold at retail in this State. Among the exemp-

tions and exclusions from the sales tax provided in G.S.
§ 105-164.13 appears the following:

> Sales of used articles taken in trade, or a series of trades, as
> a credit or part payment on the sale of a new article, provid-
> ed the tax levied in this Article is paid on the gross sales
> price of the new article.

G.S. § 105-164.13(16).

The imposition of a local sales tax is authorized by G.S.
§ 105-467 with the following limitations:

> The sales tax which may be imposed under this Article is
> limited to a tax at the rate of one percent (1%) of:
>
> (1) The sales price of those articles of tangible personal
>      property now subject to the three percent (3%) sales
>      tax imposed by the State under G.S. 105-164.4(1);
>
> . . .
>
> The exemptions and exclusions contained in G.S.
> 105-164.13 . . . shall apply with equal force and in like manner
> to the local sales and use tax authorized to be levied and im-
> posed under this Article. A taxing county shall have no
> authority, with respect to the local sales and use tax imposed
> under this Article to change, alter, add to or delete . . . any
> exemptions or exclusions contained in G.S. 105-164.13, or
> which are elsewhere provided for.
>
> . . . However, no tax shall be imposed where the tangible
> personal property sold is delivered to the purchaser at a
> point outside the taxing county by the retailer or his agent,
> or by a common carrier.

G.S. § 105-474 expresses the legislative intent that the provisions
relevant to the state sales tax "shall be applicable to this Article
[authorizing a local sales tax] unless such provisions are inconsis-
tent with the provisions of this Article."

The plaintiff first points out that the 3% state sales tax was
paid on the sale of the new equipment for which the used equip-
ment was accepted in trade, and thus, the exemption embodied in
G.S. § 105-164.13(16) applied to the later sale of the used equip-
ment. On this basis plaintiff argues that since the sale of the used

equipment was not charged with the 3% state sales tax under the provisions of G.S. § 105-164.4(1), the express terms of G.S. § 105-467(1) prohibit the imposition of a local sales tax on the same transaction. The plaintiff refers to the language of G.S. § 105-467(1) authorizing a local sales tax on sales of articles "now subject to" the 3% state sales tax, and argues that it permits the imposition of a local sales tax only if a state sales tax is *collected* and *paid* on the transaction.

[1]   The defendant responds that adoption of the plaintiff's interpretation of G.S. § 105-467(1) would reduce the language in the same section concerning exemptions and exclusions to mere surplusage. We agree. If the legislature had intended that the payment of local sales tax be required only when the 3% state sales tax was paid, it need not have included the assurance that the same exemptions and exclusions are applicable. We think the limitation of local sales tax to sales "subject to" the state sales tax refers not to those transactions for which a state sales tax is actually assessed, but to any transaction described in G.S. § 105-164.4(1) without regard to whether the transaction might be exempted or excluded from taxation by the operation of G.S. § 105-164.13. Thus, the plaintiff's exemption from state sales tax does not preclude the assessment of a local sales tax.

[2]   According to G.S. § 105-467, the exemption from state sales tax applicable to the plaintiff's sale of used equipment applies "with equal force and in like manner to the local sales . . . tax." With respect to the state sales tax, this exemption is not available to sales of used articles previously accepted in trade for new articles *unless* the previous sales of new articles was taxed. Applying this exemption "in like manner" to the local sales tax it must be construed to require the payment of local sales tax on the previous sale of new articles in order for the exemption to be available. The plaintiff stipulated that it paid no local sales tax in Wake, New Hanover and Beaufort Counties on the previous sale of new equipment because the equipment was delivered to purchasers outside those counties. Thus, in our opinion the exemption contained in G.S. § 105-164.13(16) and applicable to local sales tax by G.S. § 105-467 is not available to the plaintiff in its sales of used equipment.

Our conclusion finds support in a recent administrative ruling promulgated by the Secretary of Revenue. In Sales Tax Ruling

191 the Secretary confronted the question whether the exemption with which we are concerned applied to the sale of used articles which were taken in trade for new articles sold and delivered to purchasers outside North Carolina. The Secretary opined that since no state sales tax was paid on the out-of-state sale of new articles, the exemption was not available to the vendor when it later sold the used articles. The hypothetical presented in the ruling supposed and purported to resolve the same problem regarding the state sales tax as we face regarding the local sales tax. Its application to the case at hand is supported by the legislative declaration that "administrative interpretations made by the Commissioner of Revenue with respect to the North Carolina Sales and Use Tax Act . . . may be uniformly applied in the construction and interpretation" of the statutes pertaining to the local sales tax. G.S. § 105-474.

We hold that the trial court correctly entered summary judgment in favor of the defendant. The judgment appealed from is affirmed.

Affirmed.

Judge MORRIS concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I respectfully dissent from the majority opinion. G.S. § 105-467 which allows counties to impose a sales tax says:

The sales tax which may be imposed under this Article is limited to a tax at the rate of one percent (1%) of:

(1) The sales price of those articles of tangible personal property now subject to the three percent (3%) sales tax imposed by the State under G.S. 105-164.4(1);

In this case no tax may be imposed by the State on the sale of the property in question. Since the State may impose no tax, I believe the counties may impose no tax.